J-S15007-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
     :   PENNSYLVANIA
     :
v.      :
     :
     :
LAVON CECIL SMITH      :
     :
Appellant      :   No. 501 WDA 2018

Appeal from the PCRA Order March 20, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014857-2000,
CP-02-CR-0015047-2000

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:            FILED APRIL 15, 2019

Lavon Cecil Smith ("Appellant" or "Smith"), pro se, appeals from the order entered March 20, 2018, that dismissed his fourth petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing. We affirm.

> On February 14, 2002, [at a bench trial,] the trial court convicted Smith of first-degree murder, attempted murder and aggravated assault for the stabbing death of his wife and serious injury of his daughter.[1] On May 14, 2002, the trial court sentenced him to life in prison without the possibility of parole plus twenty to forty years of imprisonment. Smith filed post-sentence motions and a direct appeal, and this Court affirmed his judgment of sentence on January 6, 2004. The Pennsylvania Supreme Court denied his petition for allowance of appeal on June 23, 2004.
>
>    [1] 18 Pa.C.S.A. §§ 2502(a), 901(a), 2702(a)(1).
>
> Smith filed a timely pro se PCRA petition on May 13, 2005. The PCRA court appointed counsel, who ultimately filed a

_____

[1] 42 Pa.C.S. §§ 9541–9546.

_____

\*    Retired Senior Judge assigned to the Superior Court.

Turner/Finley[2] no-merit letter and a petition to withdraw as counsel. On September 5, 2006, the PCRA court granted counsel's petition to withdraw and issued notice of its intent to dismiss Smith's petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed the petition on October 16, 2006. Smith appealed the dismissal pro se, and this Court affirmed on October 2, 2007.[3] Our Supreme Court denied his petition for allowance of appeal on July 23, 2008.

> [2] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

> [3] While Smith's appeal from the dismissal of his first PCRA petition was pending before this Court, the record reflects that on April 5, 2007, Smith filed a pro se motion entitled "Motion for Ineffective Assistance of Counsel," upon which no action was taken by the lower court.

Smith filed a second pro se PCRA petition on July 27, 2011. On August 19, 2011, the PCRA court issued a Rule 907 notice, and thereafter dismissed the petition on September 21, 2011. Smith again appealed this dismissal pro se, and this Court affirmed on August 1, 2012. On December 26, 2012, the Pennsylvania Supreme Court denied his request for allowance of appeal.

Smith filed [his third] pro se PCRA petition . . . on April 7, 2014, alleging that Commonwealth witness Detective Christine Williams was biased in her investigation, as she knew the victims in this case and shared the same last name as Smith's deceased wife. According to Smith, this information constituted newly discovered facts and Brady[4] material that the Commonwealth withheld, entitling him to a new trial. The PCRA court appointed counsel, who filed a Turner/Finley no-merit letter and request to withdraw. The PCRA court issued a Rule 907 notice on May 5, 2014 and dismissed the petition on September 16, 2014, permitting counsel to withdraw.

> [4] Brady v. Maryland, 373 U.S. 83 (1963).

Smith filed a timely pro se notice of appeal.

Commonwealth v. Smith, No. 1627 WDA 2014, unpublished memorandum at 1-3 (Pa. Super. filed July 8, 2015). This Court affirmed the order dismissing Appellant's third PCRA petition on July 8, 2015. Id. at 1.

On February 22, 2018, Appellant, pro se, filed his fourth PCRA petition, alleging "actual innocence[,]" a "miscarriage of justice[,]" and "government interference" and contending that Detective Williams committed perjury. PCRA Petition, 2/22/2018, at 3. Additionally, Appellant claims that a violation of the Pennsylvania and United States Constitutions occurred, that his counsel was ineffective, that improper obstruction by a government official of Appellant's right to appeal occurred, and that his sentence is illegal. Id. at 2. Appellant also attached a memorandum of law explaining that his claim of "government interference" was based on alleged "perjured testimony" by Detective Williams. Petitioner's Memorandum of Law, 2/22/2018, at 3.

That same day, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response. The response does not request to amend the PCRA petition.

On March 20, 2018, the PCRA court dismissed Appellant's petition. On April 9, 2018, Appellant filed this timely appeal.[2]

Appellant now presents the following issues for our review:

---

[2] Appellant filed his statement of errors complained of on appeal on May 11, 2018. The trial court entered its opinion on October 17, 2018.

- 3 -

1.    Why the trial court miscarried justice by nullifying the (1000)s, thousands year old "castle doctrine," in [Appellant's] defense, in his home.

2.    Why the government interfered by not revealing "material evidence" of trial judge going to college with and Detective Christine Williams going to high school defendants wife, hindering the chose of jury trial or bench trial.

3.    Why the testimony of government witnesses Officers John McBurney and Timothy Hohos, reveal perjured testimony by Detective Christine Williams. [sic]

Appellant's Brief at vi.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." Commonwealth v. Brown, 196 A.3d 130, 150 (Pa. 2018).

The timeliness of a post-conviction petition is jurisdictional. Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute.  See 42 Pa.C.S. § 9545(b)(1).[3]  Here, the

_____

[3]  The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

PCRA court concluded that it lacked jurisdiction over Appellant's fourth PCRA petition, because the petition was untimely and failed to satisfy an exception to the PCRA's time bar. PCRA Court Opinion, filed October 17, 2018, at 2.

A judgment of sentence becomes final 90 days after the Supreme Court of Pennsylvania denies a petition for allowance of appeal. See U.S. Sup. Ct. R. 13. In the current action, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 23, 2004. Ninety days thereafter was September 21, 2004. Appellant had one year afterwards to file a PCRA petition – i.e., until September 21, 2005. 42 Pa.C.S. § 9545(b)(1). Appellant filed the current petition on February 22, 2018, more than a decade late. Therefore, Appellant's petition was patently untimely.

However, Appellant attempts to circumvent the time bar by asserting government interference under subsection 9545(b)(1)(i). PCRA Petition, 2/22/2018, at 3; Petitioner's Memorandum of Law, 2/22/2018, at 3; Appellant's Brief at 7.

_____

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

It is the petitioner's burden to plead and prove, by a preponderance of the evidence, that his facially untimely petition falls under one of the three timeliness exceptions. See Commonwealth v. Ali, 86 A.3d 173, 178 (Pa. 2014). Subsection 9545(b)(1)(i) requires that the petitioner plead and prove that his "failure to raise the claim previously was the result of interference by government officials[.]" 42 Pa.C.S. § 9545(b)(1)(i).

In the current appeal, Appellant has failed to plead why he could not have previously raised a claim that Detective Williams perjured herself, see generally PCRA Petition, 2/22/2018; Petitioner's Memorandum of Law, 2/22/2018, and, thus, failed to meet the pleading requirement for the time bar exception in subsection 9545(b)(1)(i). See Ali, 86 A.3d at 178. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim and properly dismissed his petition. See Hernandez, 79 A.3d at 651.[4]

_____

[4] Assuming arguendo Appellant's fourth PCRA petition was timely or that Appellant successfully pleaded and proved an exception to the time bar, thereby giving the PCRA court and this Court jurisdiction to reach the merits of Appellant's claims, see Hernandez, 79 A.3d at 651, Appellant's challenges to the application of the "castle doctrine" and to Detective Williams's credibility could have been raised as part of his direct appeal following his sentencing on May 14, 2002, but he failed to do so and thus waived these issues. See 42 Pa.C.S. § 9544(b) ("for purposes of [the PCRA], an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Having discerned no error of law, we affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/15/2019

_____

To the extent that Appellant's "challenge[ to] the sufficiency of the evidence with respect to the Commonwealth disproving self-defense or imperfect self-defense" on direct appeal encompassed his current "castle doctrine" claim, compare Trial Court Opinion, filed February 23, 2003, at 5, with Appellant's Brief at vi, 5, 7, this Court has previously considered and rejected that claim, Commonwealth v. Smith, No. 1878 WDA 2002, unpublished memorandum at 1-2 (Pa. Super. filed January 6, 2004) (affirming on the basis of the trial court opinion), and issues that have been previously litigated, including those on litigated on direct appeal, cannot be raised pursuant to the PCRA.  42 Pa.C.S. §§ 9543(a)(3), 9544(a)(2).